UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-03377-MRA-PVC | Date | June 27, 2025 |
|---|---|---|---|
| Title | *Aneesha Sharma v. Mercedes Benz USA, LLC, et al.* | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Melissa H. Kunig | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [8]**

Before the Court is Plaintiff's Motion to Remand. ECF 8. The Court read and considered the moving, opposing, and reply papers and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. The hearing set for June 30, 2025, is therefore **VACATED**. For the reasons stated herein, the Court **GRANTS** the Motion.

**I.   BACKGROUND**

On March 13, 2025, Plaintiff Aneesha Sharma ("Plaintiff") filed this breach of warranty suit against Defendant Mercedes-Benz USA, LLC, and Does 1 through 100, in Los Angeles County Superior Court. ECF 1-2.

Plaintiff alleges that on or about March 22, 2024, she leased a used certified pre-owned vehicle (the "Subject Vehicle") from Defendant. *Id.* ¶ 7. Defendant provided an express written warranty relating to the Subject Vehicle. *Id.* The Subject Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty. *Id.* ¶ 9.

In her Complaint, Plaintiff brings claims for (1) breach of implied warranty; (2) breach of express warranty; and (3) violations of the Song Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1793.2(d)(1), 1794(b)(2)). *Id.* ¶¶ 11-38. Plaintiff seeks general, special, and actual damages according to proof at trial; rescission of the lease contract and restitution of all monies expended; diminution in value; incidental and consequential damages according to proof at trial; civil penalty in the amount of two times Plaintiff's actual damages; prejudgment interest at the legal rate; and reasonable attorney's fees and costs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-03377-MRA-PVC | Date | June 27, 2025 |
|---|---|---|---|
| Title | *Aneesha Sharma v. Mercedes Benz USA, LLC, et al.* | | |

On April 14, 2025, Defendant received a copy of Plaintiff's lease agreement, showing the value of the Subject Vehicle. ECF 1 ¶ 2. The agreement shows that the Total Amount of Payments for the Subject Vehicle is $26,763.49. *Id.* ¶ 13; ECF 1-3 (Lease Agreement). On April 16, 2025, Defendant removed this case to federal court based on diversity jurisdiction. *Id.* at 2.

On May 15, 2025, Plaintiff filed a Motion to Remand this case to Los Angeles County Superior Court, arguing that Defendant failed to show that the amount in controversy exceeds $75,000. ECF 8. Defendant opposes. ECF 12.

## II.  LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardians Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Indeed, removal of a state action to federal court is proper only if the district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* § 1447(c).

The removing defendant bears the burden of establishing that removal is proper. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). A removal's propriety "may later be tested in the federal court, either on a motion by a party to remand, or by the court on its own motion." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979). Any doubt about the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart*, 592 F.2d at 1064); *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." (citation omitted)).

A federal district court has diversity jurisdiction over a matter where the amount in controversy exceeds the sum or value of $75,000, and there is complete diversity among opposing parties. 28 U.S.C. § 1332(a)(1). "[A] notice of removal 'need not contain evidentiary submissions.'" *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014)). But "evidence showing the amount in controversy is required . . . when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* (quotation marks and citation omitted). "A court cannot base a finding of jurisdiction on a defendant's speculation and conjecture; '[r]ather, [the] defendant must set forth the underlying facts supporting its assertion that the amount in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-03377-MRA-PVC | Date | June 27, 2025 |
|---|---|---|---|
| Title | *Aneesha Sharma v. Mercedes Benz USA, LLC, et al.* | | |

controversy exceeds the statutory minimum.'" *Jackson v. Specialized Loan Servicing, LLC*, No. CV 14-05981 MMM (PLAx), 2014 WL 5514142, at *8 (C.D. Cal. Oct. 31, 2014) (alterations in original) (quoting *Fong v. Regis Corp.*, No. C 13-04497 RS, 2014 WL 26996, at *2 (N.D. Cal. Jan. 2, 2014)).

### III.  DISCUSSION

Plaintiff argues that Defendant has not met its burden of showing that the amount in controversy exceeds $75,000 because, to date, Plaintiff has incurred only $12,988.29 in damages. ECF 8 at 2. Defendant argues that the amount in controversy exceeds $75,000 because the total payments for the Subject Vehicle, as established in the Motor Lease Agreement, amount to $26,763.49. ECF 12 at 5. This amount together with Plaintiff's demand for civil penalties (two times the amount of Plaintiff's actual damages) totals more than $80,290.47. *Id.* at 5-6.

Under the Song-Beverly Act, damages are measured by "the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity." Cal. Civ. Code § 1793.2(d)(1). The Act specifies that "a buyer of a new motor vehicle shall also include a lessee of a new motor vehicle." *Id.* § 1793.2(d)(2)(D). When a plaintiff *leases* a vehicle, however, "the 'price paid' under the statute is not the [Manufacturer Suggested Retail Price], but only what Plaintiff has paid under [the] lease." *D'Amico v. Ford Motor Co.*, 2020 WL 2614610, at *2 (C.D. Cal. May 21, 2020) (citing *Ghayaisi v. Subaru of Am., Inc.*, 2020 WL 1140451, at *1 (C.D. Cal. Mar. 6, 2020); *Chavez v. FCA US LLC*, 2020 WL 468909, at *2 (C.D. Cal. Jan. 27, 2020)). As other courts have reasoned, limiting a plaintiff's recovery "to payments actually made is consistent with the logic and purpose of the Song-Beverly Act to make the consumer whole." *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002). "It is also consistent with the general principle of *restitution* embodied in Cal. Civ. Code § 1793.2(d)(2)(B) which seeks to restore the plaintiff to his or her original position." *Id.*

The records submitted by Defendant confirm that on or about March 22, 2024, Plaintiff leased a 2023 Mercedes GLC 300 for a total lease price of $26,763.49. ECF 8 at 3 (Kashani Decl. ¶ 3, Ex. 1). The expiration term of the lease—the date by which Plaintiff is to have made all payments on the Subject Vehicle—is March 22, 2027. *Id.* Plaintiff has so far made approximately $12,988.29 in payments (her $5,199.99 down payment plus 13 monthly payments of $599.10).[1] Therefore, the maximum civil penalties recovery (two times the amount of actual

---

[1] Although the statutorily prescribed mileage offset may later affect the damages that Plaintiff may recover, those offsets need not be accounted for at this stage. *See Selinger v. Ford*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-03377-MRA-PVC | Date | June 27, 2025 |
|---|---|---|---|
| Title | *Aneesha Sharma v. Mercedes Benz USA, LLC, et al.* | | |

damages) here is $25,976.58, and the total actual damages and civil penalties that Plaintiff can recover is $38,964.87—significantly less than the $75,000 required for diversity jurisdiction.[2]

Defendant argues that attorney fees must also be factored into the amount in controversy, which, in cases under the Song Beverly Act, "may be substantial, even in cases that are settled without trial." ECF 12 at 9-10 (citing *Goglin v. BMW of N. Am., LLC*, 4 Cal. App. 5th 462, 470 (2016); *Gezalyan v. BMW of N. Am., LLC*, 697 F. Supp. 2d 1168, 1171 (C.D. Cal. 2010)). In the Ninth Circuit, a removing defendant is required to "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence" and to "make this showing with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018) (citing *Chavez v. JPMorgan Chase & Co*, 888 F.3d 413, 416 (9th Cir. 2018)). Defendant did not try to calculate what amount of attorney fees might be justified in this case or submit any "summary-judgment-type evidence" demonstrating such potential fees. Absent a more substantive fees estimate, the Court declines to consider attorney fees in the amount in controversy for the purposes of this motion. *Fritsch*, 899 F.3d at 795 ("A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy [its] burden of proof.").

//

//

//

---

*Motor Co.*, No. 2:22-CV-08883-SPG-KS, 2023 WL 281351, at *7 (C.D. Cal. Apr. 5, 2023) (finding that Ninth Circuit caselaw weighs against requiring the removing defendant to present evidence regarding the mileage offset to establish the amount in controversy for claims under the Song-Beverly Act).

[2] In determining the amount in controversy, the Court considers the "maximum recovery" that Plaintiff can reasonably recover in this action. *Arias*, 936 F.3d at 927. It does not require Defendant to prove up its own liability for damages or civil penalties. *See Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 (9th Cir. 2020) ("[T]he amount in controversy represents only the 'amount at stake in the underlying litigation,' not the likely liability."); *Selinger v. Ford Motor Co.*, No. 2:22-CV-08883-SPG-KS, 2023 WL 2813510, at *9 (C.D. Cal. Apr. 5, 2023) (reasoning that requiring a defendant to provide evidence that civil penalties will be awarded "would lead to the untenable result of Defendant having to prove up its own liability for civil penalties to demonstrate the amount in controversy").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-03377-MRA-PVC | Date | June 27, 2025 |
|---|---|---|---|
| Title | *Aneesha Sharma v. Mercedes Benz USA, LLC, et al.* | | |

## IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand. This matter shall be remanded to Los Angeles County Superior Court, case no. 25STCV07129. The hearing on this Motion, set for June 30, 2025, is **VACATED**.

**IT IS SO ORDERED.**

                                                                   -   :   -

Initials of Deputy Clerk     mku